## MINDER & JORGENSON LAND CO. v. BRUSTUEN.

A party whose acts are to be ratified must to the knowledge of the other party have been acting as agent.

A third person may be substituted in the place of a party to a contract with the consent of both the original parties; and; when so substituted, the right between him and the remaining original party is the same as between the two original parties.

A real estate agent who produces a purchaser with whom his principal enters into a contract is entitled to his commission, though without fault of the principal the transaction is not consummated.

A complaint alleging a request by defendant that plaintiff advance for defendant a certain sum of money and a promise by defendant to convey plaintiff land with the understanding that plaintiff might borrow money thereon, and that plaintiff advanced the money but that defendant refused to either convey the land or repay the money, was sufficient.

A party requesting another to make a payment for him cannot be heard to urge in defense against such party that the payment was not yet due.

(Opinion filed, July 1, 1910.)

CORSON, J., dissenting.

On rehearing. Former opinion reversed and judgment below and order denying a new trial reversed. Hon. J. H. McCoy, Judge.

For former opinion, see, 24 S. D. 537, 124 N. W. 723.

WHITING, P. J. This cause came before this court upon this appeal and decision was rendered therein in all things affirming the trial court. The opinion will be found in 24 S. D. 537, 124 N. W. 723. The appellant applied for rehearing, and, this court having granted such rehearing and the cause having been duly presented to the court upon such rehearing, we have carefully considered the record herein, and are of the opinion that the court was in error in such former decision.

It will be unnecessary to restate the pleadings and the material facts herein, the same being amply set forth in our former opinion, to which reference is made. We would, however, call attention to a few inaccuracies in the statement as it appears in such opinion. The so-called ratification quoted in such opinion, instead of being appended to the contract between plaintiff and Priess Bros., was appended to the bond given by Priess Bros.

to the defendant, which said bond was signed by plaintiff as surety. The plaintiff made no motion for direction of verdict; such motion being made by the defendant only. The so-called ratification and the bond to which it was attached were executed on February 12, 1907, and upon the next day the defendant commenced the invoicing of the goods, and during such day defendant invoiced goods to the amount of some $2,500, which invoicing, as testified to by the defendant himself, was done under and by virtue of the contract of February 9, 1907. It is the claim of plaintiff that the defendant ratified the contract which the plaintiff, as his agent, had entered into with Priess Bros., and the first thing for our determination is just what was the legal effect of the transactions appearing of record herein.

No question is raised but that the plaintiff was employed by defendant as his agent, and was authorized to find for him a purchaser of his land at a certain price net to him, and also was authorized to find a party who was willing to trade a stock of goods for such land. If such trade was effected, and upon such trade there should be received in value goods aggregating more than a certain price per acre for such land, plaintiff was to be compensated for finding such party in the amount of the excess received for such land over such price. With such terms of agency, plaintiff entered into a contract with Priess Bros. the conditions of which said contract were not in accordance with any authority received from defendant, and such contract, upon its face, not purporting to be entered into by plaintiff as the agent for any party whomsoever. We have therefore this situation: A contract entered into in writing without any authority on the part of the plaintiff to bind defendant by a written contract; a contract in terms not authorized by defendant; a contract not purporting to be made on behalf of defendant nor any party as principal for plaintiff. It is clear that, in so far as such contract contained terms not authorized by defendant, the same could have been ratified by defendant, and, although said contract was in writing and plaintiff had no authority to enter into a written contract for defendant, yet defendant could have ratified the same, and, after such ratification, if Priess Bros. recognized such contract, it would become a

valid and binding contract as between Priess Bros. and the defendant. Section 179, Mechem on Agency. We come now to the question of whether there can be in law a ratification of a contract by a party who was not named therein, if such contract does not purport to be made for the benefit of some one not a party thereto, so as to make the party attempting to ratify it a party to such contract, and therefore bound by the terms thereof. We think it is well settled that this cannot be done; that there can be no such thing as a ratification without an agency; and the party whose acts are to be ratified must, to the knowledge of the other party to the contract, have been acting as agent in order for there to be a ratification. Mechem on Agency, 127. This question was exhaustively considered in the case of Ferris v. Snow, 130 Mich. 254, 90 N. W. 850, where many authorities are cited in support of the above view. It is clear therefore, that we have before us, not a question of ratification, because ratification was legally impossible, but rather a question of a substitution of parties to a contract in existence between other parties. If A. and B. enter into a contract to do a certain thing, the law recognizes the right of C. to be substituted in the place of B. with the consent of both A. and B., and, when so substituted, the right between A. and C. would be exactly such as would have existed between A. and B. Looking at the transaction before us, we see that the plaintiff and Priess Bros. had entered into a contract valid and binding as between them. It appears that the land that Priess Bros. were to receive was land owned by defendant. Undoubtedly in entering into this contract plaintiff was induced thereto by the agency contract which it held with defendant, believing that defendant would receive the goods and furnish for it the land to close its contract. This, of course, defendant was in no manner bound to do, but it appears from the evidence without dispute that on the 12th day of February, 1907, the defendant became advised of the contract which had been entered into between plaintiff and Priess Bros. It appears that defendant was desirous of receiving the goods and turning over his land therefor in accordance with the terms of such contract. It appears that upon said date, if not before, Priess Bros. learned that these goods were to become the property of

defendant, and at that time for the purpose of carrying out the wishes upon the part of all parties hereto, the parties, instead of entering into an entirely new contract, entered into the bond, wherein Priess Bros. (recognizing the defendant as the purchaser of their goods) with the plaintiff as one of their sureties warranted the title of these goods to the defendant, and, as a part of the same instrument, defendant purports to ratify the contract theretofore entered into between plaintiff and Priess Bros.   This bond, together with this indorsement of ratification, must be considered as one instrument; no question being raised but that Priess Bros. as well as the parties hereto were knowing to the whole of such instrument.   Considering the same in the light of what occurred on the next day, when the defendant, claiming to act under said contract and with the consent of Priess Bros., commenced the invoicing of the goods, it clearly shows a substitution of parties, so that the contract of February 9, 1907, should be read with the defendant's name substituted for that of the plaintiff.   There can be no question but what such substitution was with the full understanding that for procuring for defendant such contract the plaintiff was entitled, as commission, to the difference between the net price defendant was to get for his land and the sum of $6,000 or $900.   There is left only one matter for our determination, to-wit, whether after an agent authorized to find a party for purchase or exchange of property has found such a party and brought him to his principal and such principal and party have entered into a binding contract for exchange it is necessary for such exchange to be consumated before the commission is earned, so that a failure to consummate the trade or exchange for which failure the principal is in no wise responsible would not release him from payment of the commission.   We think the rule to be that, where such binding contract is entered into, the principal becomes bound to pay the commission, and his remedy for any failure on the part of the other party to carry out his contract is to be found in an action for damages for the breach of such contract.

As regards the other cause of action, it is the contention of the respondent that the complaint was not sufficient to allow proof

of said contract to be introduced, and that, therefore, its ex- clusion was justified; it being the claim of the respondent that the complaint founded the right to recover as one for damages for breach of contract to convey the land. We cannot agree with this position. The complaint clearly alleges a request on the part of defendant, requesting plaintiff to advance for defendant $2,500 and promising to convey to plaintiff the land with the agreement that plaintiff could borrow the $2,500 thereon, and then convey the equity to Priess Bros., alleges the advancing said money as requested and the refusal of defendant to either convey the land or repay to him the $2,500, and then asks judgment for $2,500. The above allegations were sufficient as a pleading for money had and received, and were amply sufficient to entitle plaintiff to show that he did pay the money at the request of the defendant, and this regardless of the question of whether or not defendant was yet legally bound under the contract to have paid over the $2,500, because, if defendant saw fit to pay the same before it could have been insisted on, and asked plaintiff to make such payment for him, the defendant cannot now be heard to urge that the money was not yet due Priess Bros. Weber v. Lewis ,(N. D.) 126 N. W. 105.

The judgment of the trial court and the order denying a new trial, as well as the former opinion of this court, are reversed.

CORSON, J., dissenting. McCOY, J., taking no part in this decision.