## MINDER & JORGENSON LAND COMPANY, Respondent, v. BRUSTUEN, Appellant.

### (137 N. W. 282.)

**1. Contract—Money Paid—Complaint, Sufficiency of.**

Complaint alleged that defendant employed plaintiff to effect an exchange of his land for a stock of merchandise, and authorized plaintiff to contract with owner of the merchandise for the exchange, by which it was provided that a loan was to be made on the land for benefit of the owner of the merchandise; that the contract was accepted by plaintiff; that defendant requested plaintiff to advance to the owner of the merchandise the amount of the loan, agreeing that he would deed the land to plaintiff in order that plaintiff might procure a loan to reimburse it for the money advanced, and the exchange be made; and that defendant had refused to deed the land to plaintiff, or to reimburse. **Held,** this stated a cause of action for money paid at defendant's request, although also containing allegations regarded as surplusage.

**2. Money Paid—Remedies—Defense of Statute of Frauds.**

It is not a defense to an action for money paid at defendant's request that the contract under which plaintiff claims and which was in evidence is void under the statute of frauds.

(Opinion filed July 26, 1912.)

Appeal from Circuit Court, Roberts County. Hon. C. X. SEWARD, Judge.

Action by the Minder & Jergenson Land Company against Ole P. Brustuen, for money paid by plaintiff at defendant's request. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Thomas L. Bouck* and *Howard Babcock,* for Appellant.

Appellant's brief does not seem to embrace the phases of the case involved in the decision of the Supreme Court on this appeal.

*F. W. Murphy* and *C. R. Jorgenson,* for Respondent.

Certainly if these facts alleged in the complaint were true the defendant could not be heard to say that he was under no obligations either to deed the land or to repay the money. To sustain a proposition of that kind would be to put premium on fraud. Even though there had never been a promise on the part of the defendant to deed this land, yet that would be no defense in an action to recover money advanced. Pressnell v. Lundin, 47 N. W. 161; Herrick v. Newell, 51 N. W. 819.

Upon the question of a request on the part of the defendant to the plaintiff to advance this money, this question was fairly and squarely passed upon by the jury in this action under proper instructions from the trial court and this finding of the jury was amply sustained by the evidence, and as before stated had there not been any promise on the part of the defendant to repay this money yet it would be incumbent upon him to show why the same should not be repaid. Finch v. Park, (S. D.) 80 N. W. 155; Siems v. Pierre Savings Bank, (S. D.) 64 N. W. 167; Weber v. Lewis, (N. D.) 125 N. W. 105.

Appellant has no defense either as a matter of morals, fact or law. His counsel says that the statute of frauds looms large upon the threshold of this case as a complete defense. If it was not for the fact that the question is so strenuously presented by appellants counsel, we should venture the statement that appellants entire argument on each of these appeals is an obvious absurdity, and little short of ridiculous.

The defense of the statute of frauds has nothing more to do with this case than the rule in "Shelleys Case."

The agreement to pay the $2,500 is the controlling consideration on this particular appeal. The respondent's right to recover is in no wise dependent upon whether the contract between appellant and Priess Bros. was void under the statute of frauds or not. The question is—Did respondent pay $2,500 to Priess Brothers for appellant? The jury has answered that in the affirmative. Appellant does not question the verdict of the jury but says that the courts should have taken the case from the jury and argues that such should have been the court's ruling, because the contract with Priess Bros. was void under the statute of frauds.

CORSON, J. This is an appeal by the defendant from a judgment in favor of the plaintiff on its second cause of action alleged in the complaint, and from the order denying a new trial. The facts and substance of the contracts entered into between the plaintiff and defendant and between the plaintiff and Priess Bros. are fully set forth in the opinion in 24 S. D. 537, 124 N. W. 723, and in the decision on rehearing in 26 S. D. 38, 127 N. W. 546, in which the former opinion of this court was reversed.

On rehearing, the majority of the court held that, by reason of certain transactions occurring between the defendant and the plaintiff and Priess Bros., the defendant was in effect substituted in place of the plaintiff, and that the contract thereby became in effect a contract between the defendant and Priess Bros., and further held that the evidence offered by the plaintiff to show payment of the $2,500 by the plaintiff should have been admitted in evidence, and that the evidence offered by the plaintiff as to the payment of the $2,500 by it to Priess Bros., at the request of the defendant, was erroneously excluded by the trial court, and that upon proof of the facts offered to be proved by the plaintiff said defendant could be held liable to the plaintiff for the amount so paid to Priess Bros.

On the second trial, from which this appeal is taken by the defendant, the jury found, under the evidence, that the plaintiff did pay over to Priess Bros., at the request of the defendant, the said sum of $2,500, and judgment was thereupon entered upon the said second cause of action in favor of the plaintiff for said sum.

[1] The plaintiff's second cause of action is very lengthy, and many matters are stated therein not necessary in an action to recover for money paid to a third party at the request of the defendant, and consequently these unnecessary allegations must be considered as surplusage. That cause of action, however, eliminating the parts thereof not necessary to constitute a cause of action, states in effect, in our opinion, sufficient to entitle the plaintiff to recover in this action for the money advanced by it to Priess Bros. at defendant's request. No useful purpose would be served by a reproduction of the evidence upon this branch of the case in

this opinion, and it will suffice to say that the evidence was clearly sufficient to support the verdict of the jury upon the said second cause of action.

[2] It is contended by the defendant that he did not become liable for the payment of said sum, for the reason that the contracts introduced in evidence were not all in writing, but partly in writing and partly oral, and therefore void under the statute of frauds.

It is insisted, however, on the part of the plaintiff that the statute of frauds is not involved in this case, so far as it relates to the second cause of action, for the reason that that cause of action is for money paid by the plaintiff at the request of the defendant.

We are of the opinion that the plaintiff is right in its contention, as the payment of the $2,500 by the plaintiff to Priess Bros. was made by it upon the request of the defendant, and he is therefore liable for the said sum so paid by the plaintiff, under the general principle that a party paying money at the request of another is entitled to recover the same in an action for the money so paid; and that the statute of frauds has no application to this branch of the case. We do not deem it necessary, therefore, in view of the fact that the advancement of the $2,500 by the plaintiff to Priess Bros. was made at the request of the defendant, to enter upon a discussion of the nature of the transaction as affected by the statute of frauds. The jury having found that the plaintiff did, at the request of the defendant, pay over to Priess Bros. the sum of $2,500, which they were fully authorized to do under the evidence, and substantially all the questions on this appeal having been discussed in the briefs of counsel on the former appeal and considered and decided in favor of the plaintiff by the court on rehearing, the judgment of the circuit court on this appeal, awarding the plaintiff the sum of $2,500 on its second cause of action, with accrued interest, must necessarily be affirmed.

The judgment and order denying a new trial as to the second cause of action alleged in the complaint are affirmed.

McCOY, P. J., took no part in this decision.