MINDER & JORGENSON LAND COMPANY, Appellant, v. BRUSTUEN, Respondent.

(140 N. W. 251.)

### 1.   Trial—Directed Verdict—Insufficient Motion.

A motion for directed verdict upon the grounds that "no defense has been established * * *. The plaintiff, on the uncontradicted testimony, is entitled to judgment for such amount," was insufficient for not calling the court's attention to any facts entitling plaintiff to judgment.

2. **Appeal—Error—Instructions Without Exceptions—Law of Case.**
    Instructions given without exceptions taken thereto, become, as to appellant, the law of the case.

3. **Brokers—Contracts—Substitution of Parties—Instructions.**
    · Where, after a broker entered into a written contract with the prospective trader for land, the owner was substituted as a party to the contract in place of the broker, the legal liability imposed was the same as if the contract had been originally made, through the broker's procurance, by the owner with such trader. **Held,** further, that if, as claimed by appellant (broker), upon such substitution of parties, appellant had fully earned its commission, and cannot be deprived thereof by failure of such prospective trader to live up to the contract, appellant should have requested an instruction to that effect.

(Opinion filed March 11, 1913. Rehearing denied April 22, 1913.)

Appeal from Circuit Court, Roberts County. Hon. C. X. SEWARD, Judge.

Action by the Minder & Jorgenson Land Company against Ole P. Brustuen, first, to recover a commission on an alleged land trade, and, second, to recover money paid by plaintiff at defendant's request, in said transaction. From a judgment for defendant on the first cause of action and from an order denying a new trial, plaintiff appeals. Affirmed.

For the opinion upon plaintiff's first appeal, see 24 S. D. 537; and upon rehearing under said appeal, 26 S. D. 38. Upon the second appeal (by defendant), 29 S. D. 562.

*C. R. Jorgenson,* and *F. W. Murphy,* for Appellant.

When Exhibits 3 and 4 were executed and respondent began under contract Exhibit 2 to invoice the goods therein mentioned there was a substitution of parties and Exhibit 2 should be read with the name of the respondent substituted for that of the appellant. Gransbury v. Starbak, 133 N. W. 851; Davidson v. Hurty, 133 N. W. 862.

And the respondent having entered into a contract with the purchaser or trader procured by the appellant it had earned its commission. Minder & Jorgenson Land Co. v. Ole P. Brustuen, 127 N. W. 546.

The law of this case was established on the former appeal when this case was before this court. Minder & Jorgenson Land Co. v. Ole P. Brustuen, supra.

And that decision is now the law of this case and is conclusive on this appeal. First National Bank v. Calkins, 93 N. W. 646; Dunn v. National Bank of 'Canton, 90 N. W. 1045; Sherman v. Port Huron Engine & Threshing Co., 82 N. W. 413; Cranmer v. Cohn, 76 N. W. 936; Bem v. Shoemaker, 74 N. W. 239; Parker v. Randolph, 73 N. W. 906; Wright v. Lee, 72 N. W. 895; Tanderup v. Hanson, 66 N. W. 1073; Lumber Co. v. Mitchell, 57 N. W. 236; Bank v. Gilman, 52 N. W. 869.

T. L. Bouck, and Howard Babcock, for Respondent.

There is no specification on the part of appellant showing wherein the evidence was insufficient to sustain the verdict in favor of the respondent, nor is there any discussion of that proposition in the brief. The law presumes that there was sufficient evidence to sustain the verdict, unless it is affirmatively shown by such specifications and by argument to the contrary. Appellant in this case has not placed himself in a position to raise the question of the sufficiency of the evidence, and a discussion of that matter on the part of the respondent is entirely unnecessary until it is shown by appellant that the evidence was in fact insufficient to sustain the verdict. Carrol v. Nisbet, 9 S. D. 497; State ex rel Brown v. Pierre, 15 S. D. 559; Holcomb v. Kelcher, 3 S. D. 497; Herman v. Silver, 15 S. D. 476; Nelson v. Jordeth, 15 S. D. 46; Billingsley v. Hiles, 6 S. D. 447.

WHITING, J. The plaintiff pleaded two causes of action—the first to recover $900 alleged to be due as commissions for procuring a party who was ready, able, and willing to trade for certain of defendant's lands in accordance with the terms of an agency contract between plaintiff and defendant; the second, to recover $2,500 alleged to have been paid by plaintiff, at the instance and request of defendant, to the persons whom plaintiff had procured as exchangers for said land. Upon the first trial of this cause in the circuit court verdict was directed in favor of the defendant on both causes of action. Plaintiff appealed to this court, and the judgment of the trial court was affirmed. See Minder & Jorgenson Land Co. v. Brustuen, 24 S. D. 537, 124 N. W. 723. But upon rehearing this court, in Minder & Jorgenson Land Co. v. Brustuen, 26 S. D. 38, 127 N. W. 546, reversed its former holding, and granted a new trial as to both causes of action. The facts pertaining to this case, as they appeared upon such former trial and as

they appeared with some slight changes upon the trial from which the present appeal is taken, are quite fully set forth in the two opinions above referred to. The cause was then again tried in the circuit court, and, upon such trial, there was verdict for the plaintiff on the second cause of action and for the defendant on the first cause of action. Each party appealed to this court from that part of the judgment which was against such party. The appeal from the second cause of action was determined by this court in the case of Minder & Jorgenson Land Co. v. Brustuen, 29 S. D. 562, 137 N. W. 282. It is from the judgment in favor of defendant on the first cause of action and from the order denying a new trial that the present appeal was taken.

[1] The only assignments of error demanding our attention are one urging that the trial court erred in denying appellant's motion for a directed verdict and one urging as error the denial of a new trial. Appellant, at the close of all the evidence, moved for a directed verdict upon the grounds that "no defense has been established in this court against that cause of action. The plaintiff, on the uncontradicted testimony, is entitled to judgment for such amount." It will be noticed that the above motion in no manner called the attention of the trial court to any facts which plaintiff claimed had been proven, and which would entitle it to a judgment. Such motion was clearly insufficient, even if facts had been proven which would have sustained a directed verdict.

[2] Appellant took no exceptions to the instructions given by the court, and asked for no instructions. The following is the court's instruction so far as the same related to such cause of action, and, when given without exceptions, it became, as against appellant, the law of the case: "In the first cause of action, the plaintiff says that in 1907 the plaintiff and defendant entered into a contract or agreement by the terms of which the plaintiff, who was doing land and brokerage business, was to find the defendant a purchaser for a certain tract of land in this county for a price of not less than $5,100, the consideration to be at that price dry goods, and they of the market value at Milbank, and by the terms of that agreement the plaintiff was to have a commission or a compensation which was such amount as they might receive or as the value of the goods might be over $5,100. And they claim that they found a purchaser of this kind for this land—a pur-

chaser who was ready, willing, and able to comply with such terms as they had made with .the defendant in the case. Now the court says to you as a matter of law that it does not matter whether this contract, if there was in fact a contract, and agreement made between the plaintiff and defendant with reference to the same on these terms, whether that .contract was in writing or not. So the first thing for you to determine is whether or not there was an understanding and agreement between the plaintiff and defendant by which the plaintiff was to furnish a purchaser ready, able, and willing, or a trader, to take such premises on the terms as agreed to between plaintiff and defendant. I say- it does not matter whether that contract was in writing or not. So the court says to you if after a full and careful consideration of the evidence bearing upon this one question you are satisfied by a preponderance thereof that a contract was made between these parties by which the plaintiff, in case they should find a purchaser or a trader for these premises who would as a consideration therefor turn over to the defendant a stock of dry goods of the value of.$5,100, then, and in that case, the plaintiff has complied with the terms of this contract, and is entitled to recover of the defendant the difference in value between $5,100 and the actual value of the goods turned over in the trade. And, if that is $6,000, then the plaintiff is entitled to recover on this issue $900 by your verdict, together with interest from the date when this purchaser was presented to the defendant."

[3] By reference to the former decisions of this court in this action, it will be found that appellant had entered into a written contract with the parties to whim it expected to trade respondent's land, and that respondent had been substituted as a party to such contract in place of appellant. This made the situation exactly as it would have been if, through appellant's procurance, such contract had originally been entered into by respondent and these third. parties. Appellant urges that, as soon as respondent became a party to this contract, appellant had fully earned its commission, and cannot be deprived thereof through any failure of such third parties to live up to such contract. It is sufficient answer to this to say that, if such is the law, appellant should have requested an instruction to that effect. But, under the instructions given, before the jury could find for appellant, it must find (regardless of the

written contract between respondent and the said third parties—
which contract was ignored by the trial court in its instructions)
that the parties procured by appellant were ready, able, and willing
to trade for the land in accordance with the terms of the agency
contract between appellant and respondent.    There was ample
evidence upon which the jury could find, even though such third
parties and respondent had entered into a contract to trade mer-
chandise for this land in accordance with the terms of such agency
contract, that yet such third parties were not "ready and willing"
to consummate the trade in accordance with the terms of their
contract.

The judgment and order appealed from are affirmed.

McCOY, J., took no part in this decision.