FIRST NATIONAL BANK OF FREDERICK, WISCONSIN, Respondent, v. McILVAINE, Appellant.

(142 N. W. 846.)

1. **Appeal—Pleadings—Issues in Lower Court—Irrelevant Renewal Notes.**

   Where the complaint, in an action on notes, alleged the execution of original and renewal notes, the answer denying execution of all renewal notes, the original notes only being introduced in evidence, the question of the effect of the renewal notes, or whether they should have been delivered up for cancellation, was not in issue, and cannot be reviewed on appeal.

2. **Trial—Directed Verdict—Specifying Grounds of Motion.**

   Where defendant introduced no evidence, and specified in his motion for directed verdict, the grounds therefor, plaintiff, in moving for directed verdict, need not specify any grounds; the court on its own motion should direct verdict for plaintiff.

(Opinion filed July 17, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the First National Bank of Frederick, Wisconsin, against C. N. McIlvaine, on promissory notes and notes in re-

newal thereof. From a judgment for plaintiff on a directed verdict, and from an order denying a new trial, defendant appeals. Affirmed.

*Gardner & Churchill,* for Appellant.

As a condition precedent to plaintiff's right to recover on the original notes, renewal notes must have been delivered up for cancellation.

No proof was made as to their non-payment, and no evidence of their being owned or in the possession of the plaintiff was introduced, and hence, at the close of the plaintiff's testimony, we contend, he had failed to prove facts sufficient to entitle him to a verdict under the issues as framed. Lawrence v. U. S., 71 Fed. 228; Dakota v. Trull, (N. Y.) 23 Wend. 345.

Plaintiff's motion for a directed verdict should have been denied, for the reason that the grounds therefor were not stated. Tanderup v. Hanson, 8 S. D. 375; Howie v. Bratrud, 14 S. D. 649; Hanson v. Lindstrum, (N. D.) 108 N. W. 798; Smalley v. Ry., (Utah) 98 Pac. 311.

*Chamberlain & Hall,* and *A. W. Wilmarth,* for Respondent.

The plaintiff, by admission of the defendant, made a prima facie case against it when these notes were admitted and received in evidence. It cannot be successfully claimed that after a prima facie case is established a plaintiff must make further proof before being entitled to judgment.

The fallacy in appellant's argument on this point, is, that it assumes that the renewal notes were given in payment of the original notes, when as a matter of fact this point had not been proven.

Plaintiff's motion was based upon the entire record of the case, not claiming that there were any defects in the record, but insisting that the record as a whole made out a case against the defendant.

Plaintiff offered evidence establishing a prima facie case, and the defendant offered no evidence at all; therefore on the record as it was when plaintiff's motion for a directed verdict was made, the plaintiff was entitled to have his motion granted, the basis of the motion being the record before the court.

After the defendant had rested, and refused to put in any evidence at all, the defendant, by its motion for a directed ver-

dict, at the conclusion of the plaintiff's case, challenged the sufficiency of the evidence to sustain the verdict, each and every part of it.   Northern Pacific Ry. Co. v. Vidal, 184 Fed. 707.

The direction to the jury, to render a verdict for the plaintiffs was but one form of overruling the objection taken by the defendant to a recovery against him.   Barnes v. Perine, 12 N. Y. 18; Esterly v. Mills, 54 Wash. 356; 28 L. R. A. (N. S.) 952.

GATES, J.   Action on two promissory notes.   The first cause of action alleged the execution and delivery by defendant and three other persons of a promissory note for $1,000, a small indorsement thereon, the giving of a renewal note three months thereafter, the giving of a second renewal note three months after the first renewal, and nonpayment of any of said notes.   The second cause of action was upon a note for $1,500, and contains similar allegations.   The answer, except as it admitted the execution of the original notes and the corporate capacity of plaintiff, was a general denial.   There was also an affirmative defense. but the allegations thereof are not material to the questions raised by the appeal.   The original notes were offered and received in evidence without objection.   The plaintiff rested.   Defendant moved for the direction of the verdict, giving reasons, which motion was denied.   Thereupon defendant rested.   Plaintiff then moved for the direction of the verdict, which was granted.   From the judgment and order denying a new trial, defendant appeals.

But two question are presented by the appeal.

[1] It is first urged that, as a condition precedent to plaintiff's right to recover on the original notes, the renewal notes should have been delivered up for cancellation.   Under proper issues that question might have been one for our consideration. Under the pleadings and proof it is not.   It will be noticed that the execution of all renewal notes was denied.   Plaintiff in its proof simply offered the original notes and ignored the renewal notes.   The defendant offered no evidence.   Under the issues presented by the pleadings and proofs there were no renewal notes.   The question as to the effect of the renewal notes upon the transaction was therefore not raised in the trial court, and is not now before us.

[2] The second contention is that plaintiff's motion for a directed verdict should have been denied, for the reason that the

grounds thereof were not stated. In support thereof counsel cite Tanderup v. Hanson, 8 S. D. 375, 66 N. W. 1073, and Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747. The same point was passed upon in Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791; Yeager v. S. D. Central Ry. Co., 140 N. W. 690, and Davis v. C. & J. Michel Brewing Co., 140 N. W. 694. These cases are not applicable to the present question. In each of those cases the motion for a directed verdict was made by defendant on account of a supposed defect in plaintiff's proof. There is a valid reason why a defendant, who conceives that the plaintiff has failed in his proof, should specify in his motion for the direction of the verdict the particulars wherein the proof is deficient. Such a case is vastly different from the present one. Here the plaintiff had made his proof. The defendant had moved for a direction of the verdict for reasons specified. When such motion was denied he rested, without introducing any evidence. The plaintiff moved for a directed verdict. The ground for such motion, although not specified, was of course that plaintiff had proven his case. It would be futile to require plaintiff on such motion, in the absence of evidence on behalf of defendant, to call the court's attention to each step in the proof. The defendant had already urged all of the grounds which his learned counsel could discover why the defendant's motion should be granted, and it had been denied. The motion for a directed verdict on plaintiff's part was not necessary. There was nothing else for the court to do but that. The court would have directed the verdict even without plaintiff's motion. Upon the argument our attention was called to the late case of Minder & Jorgenson Land Co. v. Brustuen, 140 N. W. 251. There the defendant offered evidence in support of his defense. At the conclusion thereof plaintiff moved for a directed verdict upon the ground that no defense had been established. It was held that such motion was too indefinite. In attacking the defense the plaintiff was in precisely the same position in which the defendants were in the cases above cited. It was necessary for the defendant in each of those cases to specify the reasons plaintiff had failed in his proof. It was necessary in the Minder & Jorgenson case for plaintiff to specify wherein defendant failed in his proof. In so doing it was necessary for the plaintiff, in order to make the issues clear, to show

what he himself had proven. The distinction between that case and this is clear and unmistakable. ·

The judgment and order appealed from are affirmed.