WALPOLE, Respondent, v. WEEKS, Appellant.

(189 N. W. 636.)

(File No. 5059. Opinion filed August 5, 1922.)

**1. Brokers—Recovery of Commission, and Part of Excess Price— Notification of Sale to Vendor's Agent, Ratification—Findings Supporting Recovery.**

Where, in a suit to recover a broker's commission and one-half of excess price of realty sold, findings showed the contract and a sale at a sum above owner's price, and that plaintiff notified owner's agent pursuant to request, which sale owner approved, they warrant a judgment in plaintiff's favor.

**2. Evidence—Broker's Realty Sale—Conversation Between Broker**

and Owner's Agents—Proof of Agency, Order of in Court's
Discretion—Principal's Ratification, Effect.

In a suit to recover broker's commission on realty sale, the
objection to conversations between plaintiff and owner's daugh-
ter as his agent, that it was not shown that she was author-
ized to act in making the contract, and that the direction by
owner to notify her in case sale was made, did not justify
receipt of the evidence, is untenable; such contention only
going to order of proof, which is within trial court's sound
discretion; and subsequent proof of ratification of the contract
so made rendered the testimony admissible.

**3.** Evidence—Commission on Realty Sale—Sale Contract in Escrow
for Delivery Upon Compliance, Irrelevancy of Fact.

In a suit to recover commission on realty sale, an offer to
prove the sale contract was placed in escrow to be delivered
upon compliance with its terms and that same were not com-
plied with, is irrelevant; since when owner signed the contract,
received part of purchase money and put purchaser in posses-
sion, plaintiff had earned his commission.

Appeal from Circuit Court, Yankton County. Hon. ROBERT
B. TRIPP, Judge.

Action by Will R. Walpole, against John A. Weeks, to re-
cover a broker's commission on a realty sale. From a judgment
for plaintiff, and from an order denying a new trial, defendant
appeals. Affirmed.

C. H. Dillon, and Clark & Henderson, for Appellant.

A. L. Wyman, for Respondent.

GATES, P. J. Action for broker's commission on the sale
of real estate. Verdict and judgment for plaintiff. New trial
denied. Defendant appeals.

[1] The evidence on the part of respondent tends to show
that appellant promised to pay respondent $1 per acre commission
if he found a purchaser of his ranch at $30 per acre, and in
addition, to pay respondent one-half of the excess above $30;
that if a purchaser was found respondent should notify appellant's
daughter, Mrs. Sherwood, as appellant expected to be away from
home; that respondent took one Munn out to see the ranch, and
listed it at $36 per acre; that respondent notified Mrs. Sherwood,
and advised her as to the closing of the deal with Munn, and
that a contract of sale was entered into by Munn and Mrs. Sher-
wood at $33 per acre; that appellant later approved the contract

and signed the same, received $500 of the purchase price, and that Munn went into possession of the premises, and was in possession at the time of the trial. These recited facts show without question that respondent was entitled to recover a commission in accordance with the terms of the agreement.

[2] Appellant's first assignment of error relates to the admission of conversations that took place between respondent and Mrs. Sherwood. The precise point is that under the evidence as it stood when such evidence was received it was not shown that Mrs. Sherwood was authorized to act for her father in making the contract; that the direction by appellant to notify his daughter did not justify the receipt of such evidence. Appellant's contention in reality only goes to the order of proof, which, as has been frequently pointed out, is within the sound discretion of the trial court. The subsequent proof that appellant ratified the contract made by his daughter rendered such testimony admissible.

[3] Appellant next complains of the rejection of offers of proof to show that the contract with Munn was placed in escrow in a bank to be delivered upon compliance with its terms by Munn, and that such provisions were not complied with. The offers were irrelevant to the issue. When appellant signed the contract, received the $500, and put Munn in possession, respondent had earned his commission. Minder & Jorgenson Land Co. v. Brustuen, 26 S. D. 38, 127 N. W. 546.

These two points contended for by appellant are the basis of most of the remaining assignments of error. All of the assignments have been considered and are without merit.

The judgment and order appealed from are affirmed.