McMACKEN, Respondent, v. LENNAN, Appellant.

(193 N. W. 668.)

(File No. 5263.   Opinion filed May 14, 1923.)

1.  **Brokers—Presumptions—Owner Presumed to Have Agreed to Pay Commission When Contract with Purchaser Was Made, in Absence of a Contrary Arrangement.**

    In the absence of a contrary arrangement, it will be presumed that vendor and broker agreed that the broker was to get his commission when the contract with the purchaser was made.

2.  **Evidence—Brokers—Letters Written by Defendant to Plaintiff After Execution of Contract Inadmissible to Support Defendant's Contention.**

    In broker's action for commission, in which the defendant claimed that under his contract with the broker the broker was not entitled to the commission until purchaser had made sufficient payments to be entitled to a deed, the defendant's letters to the broker, written after the contract with the purchaser had been made, were not admissible to support such contention, being self-serving declarations made at a time when defendant had the same motive to make a colored statement as at the time of the trial and at a time when the effect of such contention was as clearly foreseen as at the time of the trial.

3.  **Evidence—Res Gestae—Brokers—Letters from Vendor to Broker Offered to Prove Broker's Contention as to Agreement Held Not Admissible as Part of Res Gestae.**

    In broker's action for commission, in which the defendant claimed that under his contract with the broker the commission was not to become due until defendant had received enough payments from the purchaser to entitle purchaser to a deed, defendant's letters to broker, written many months after the broker had procured the purchaser, offered by defendant in evidence to support such contention, were not admissible as a part of the res gestae.

4.  **Brokers—Evidence—Letters from Vendor to Broker After Execution of Contract with Purchaser Inadmissible as Part of Original Agreement Between Vendor and Broker.**

    In broker's action for commission, in which the defendant claimed that the commission did not fall due until he had received enough payments from purchaser to entitle purchaser to a deed, letters from defendant to broker written many months after the execution of the contract with the purchaser held not admissible as a part of the original agreement between the defendant and the broker.

Appeal from Circuit Court, Walworth County; Hon. Joseph H. Bottum, Judge.

Action by Roy McMacken against C. E. Lennan. From judgment for plaintiff and from an order denying a new trial, the defendant appeals. Affirmed.

*W. M. Potts,* of Mobridge, for Appellant.

*Stephens & McNamee,* of Pierre, for Respondent.

(2) to (4)   To points two to four of the opinion, Appellant cited: Murphy v. Gates, 51 N. W. 573; Murry v. East End Imp. Co. (1901), 22 Ky. L. Rep. 1477, 60 S. W. 648; 22 C. J. 444; Vol. III, Jones Blue Book on Ev., Sec. 583, note 39; Re Mc-Clellan's Estate, 21 S. D. 209, 111 N. W. 540; Robb v. Hackley & Welton, 23 Wendell (N. Y.) 50; Hayes v. Cheatham and Wife, 74 Tenn. 1; Ede v. Ward, 325 S. D. 251, 143 N. W. 269; A. & E. Enc. Law (2d Ed.), 662; Kenney v. Phillipy, 91 Ind. 511; Bushnell v. Wood, 85 Ill. 88; Kent v. Harcourt, 33 Barb. (N. Y.) 491; Jones on Evidence, Sec. 236; Elliott v. Stoddard, 98 Mass. 145; Bergman v. Twilight, 10 Or. 337; Boyden v. Moore, 11 Pick. (Mass.) 363; Hart v. Newton, 48 Mich. 401, 12 N. W. 508; Woolery v. Woolery, 29 Ind. 249, 95 Am. Dec. 629.

Respondent cited: Newton v. Hart, 12 N. W. 508; Fallon v. Rapid City, 17 S. D. 571; Tenney v. Rapid City, 17 S. D. 283.

GATES, J.   Plaintiff sued for real estate broker's commission in the sum of $1,776, that being $1 per acre. Defendant admitted the employment, but said the acreage on which he agreed to pay commission was 998 instead of 1,776, and that the agreement was that such commission was not to be paid until he received sufficient payments to entitle the purchaser to a deed.

The jury believed plaintiff as to the time when the commission was earned and believed the defendant as to the acreage, for it returned a verdict for plaintiff for $998. From the judgment and an order denying new trial, defendant appeals.

The only alleged error argued by appellant was the refusal of the trial court to permit the introduction in evidence of the following letters written by appellant to respondent on February 10, 1921, and March 28, 1921, respectively:

29—Vol. 46, S. D.

Exhibit 3.

"Pierre, S. D., 2-10-21.

"Roy McMacken, Pierre, S. D., and Trail City—Dear Sir: I have word Wood nor Spencer can make May 1st payment. You wanted me to advise you if such proved to be likely so here I advise. May be you can find some one who will be able to take over their contract, as all of the 6,000 due May 1st, goes to pay owner of 500 acres that had to include in contract, and I will not be able to pay cash enough to take same or make payment to him. It will probably go by board. Wood has sold enough posts and wood and hay to clear his 2,000 I guess. C. E. Lennan.

Exhibit 4.

"Roy McMacken, Trail City, S. D.—Dear Sir: As I advised you from Pierre that I did not think that Mr. Spencer or Wood were going to be able to pay up, the next payment, on May 1st, and also had not paid the taxes that were due March 1st, so I guess that it is all off. I don't think that Spencer can meet this and surely don't see how Wood can. Now as you wanted me to advise you in case of something like this so you could see if you could not make a sale. I suppose that if you did it would necessitate some kind of an assignment over of their contract, or the contract, or something similar. Please let me hear from you when you get this and greatly oblige, if you still care to take it up. The $2,000 that was paid in I sent direct to the party who owned the N. D. land, so have not got a dollar out of it myself. If you think there is any prospect of your finding a turn for this please let me hear from you and greatly oblige,

"Yours truly."

It is undisputed that respondent brought the vendor and vendee together, and that they entered into a contract on May 10, 1920, by the terms of which the payments were to be as follows:

$100 at the date of contract.
$500 on or before May 15, 1920.
$1,400 on or before October 1, 1920.
$6,000 on or before May 15, 1921.
$2,500 on or before May 15, 1922.
$2,756 on or before May 15, 1923.
$13,256.70 on or before May 15, 1925.

It was further agreed that purchaser would be entitled to a deed when half of the consideration was paid. It is undisputed that the first three payments, aggregating $2,000, were made. It will be noticed that the letters, Exhibits 3 and 4, were written many months after the date of the contract between vendor and vendee.

Appellant contends that notwithstanding the rule against the admission of self-serving declarations, these letters were admissible under the exception to the rule announced in the McClellan case, 21 S. D. 209, 111 N. W. 540, and that such letters were a part of the original agreement and admissible under the rule of unanswered letters and as a part of the much abused phrase "res gestae."

[1, 2] Respondent testified that the agreement was that he was to get his commission when the contract with the purchaser was made. Such was the presumption in the absence of a contrary arrangement. Lund v. Bapp, 25 S. D. 439, 127 N. W. 548; Walpole v. Weeks, 45 S. D. 590, 189 N. W. 636. According to respondent, it was not until after the contract with the purchaser was signed that appellant insisted that the commission was not due until later. As quoted in the McClellan case from Robb v. Hackley, 23 Wend. (N. Y.) 50:

"It seems, however, that to this rule there are exceptions, and that under special circumstances such proof will be received; as, where the witness is charged with giving his testimony under the influence of some motive prompting him to make a false or colored statement, it may be shown that he had made similar declarations at a time when the imputed motive did not exist."

Surely that illustration is not applicable to the case at bar. If defendant's testimony at the trial was untrue, the same motive existed at the time Exhibits 3 and 4 were written that existed at the time of trial. In order to be applicable to the present situation, a declaration should have been made in a letter written by defendant before the contract with the purchaser was entered into.

Continuing the quotation from Robb v. Hackley, supra:

"So, in contradiction of evidence tending to show that the account of the transaction given by the witness is a fabrication of late date, it may be shown that the same account was given

by him before its ultimate effect and operation arising from a change of circumstances could have been foreseen."

Surely this situation is also inapplicable to the case at bar. The effect and operation of defendant's contention as to the time when the commission was to be paid were as clearly foreseen at the time the letters were written as at the time of trial.

[3, 4] We are of the opinion that the letters were not a part of the res gestae, not a part of the original agreement, and that the trial court properly rejected them.

The judgment and order appealed from are affirmed.

Note—Reported in 193 N. W. 668. See, Headnote (1), American Key-Numbered Digest, Brokers, Key-No. 84(1), 9 C. J. Sec. 86; (2) Evidence, Key-No. 271-(19), 22 C. J. Sec. 193; (3) Evidence, Key-No. 123(2), 22 C. J. Sec. 545; (4) Brokers, Key-No. 85(7), 9 C. J. Sec. 119.